UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
========================================X

GIATTI GENE FLEMMING,                     Civil Action No.: 25 CV 00472

                         Plaintiff,        **AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER ASHUR   **JURY DEMAND**
MORRIS, POLICE OFFICER BRIAN CARTON, POLICE
OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS
PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER
DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD,

                         Defendants.
========================================X

      Plaintiff, GIATTI GENE FLEMMING, by his attorneys, **THE HAMEL LAW FIRM, P.C.,** sets forth

and alleges the following:

## PRELIMINARY STATEMENT

    1.  This is a Civil Rights Action in which the plaintiff seeks relief for defendants'

violations, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of

1871, 42 U.S.C Sections 1983 and 1985, the First, Fourth. Fifth, Eighth and Fourteenth Amendments to the

United States Constitution and the Constitution and laws of the State of New York.

    2.  The Plaintiff, Giatti Gene Flemming, brings this action under 42 U.S.C. Sections 1983

and 1985 and related state laws seeking compensatory and punitive damages and attorneys' fees under 42

U.S.C. Section 1988 for the defendants' violation of his rights afforded by the United States constitution and the

constitution of the State of New York.

    3.  Defendants THE CITY OF NEW YORK and POLICE OFFICER ASHUR MORRIS, POLICE

OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA,

POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER

MCDONALD, acting individually and in their official capacities jointly and severally, did cause plaintiff to be

falsely arrested, falsely imprisoned, assaulted, battered, humiliated and subjected to excessive force and police

brutality.

4. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD being employees of the CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT violated plaintiff's civil rights, caused him serious and permanent injuries, emotional harm and deprived him of his liberty.

5. The incident occurred on February 25, 2024 commencing at 9:00P.M. at or near the bus stop on Nostrand Avenue between Fulton Street and Kerkimer Street, lasting several hours and ending at the Criminal Courthouse in Brooklyn.

6. While in police custody, the plaintiff was assaulted, battered, tazed, maced, pepper sprayed, verbally abused and subjected to the use of excessive force by multiple police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by the City of New York and/or the New York City police Department.

7. When the plaintiff complained that he could not breath and that he had tremendous pain in his legs, the police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD laughed at him and shouted obscenities at him.

8. The plaintiff was eventually handcuffed and placed in shackles.

9. While in police custody and in shackles, the plaintiff was placed in an ambulance where a bag was placed over his head, he was sprayed with a liquid substance, he was pushed around and laughed at by multiple members of the New York City Police Department.

10. The plaintiff was then taken to Woodhull Hospital by police officers.

11. While in Woodhull Hospital, the police officers placed a mask over his head and the plaintiff

was given steroids and other medications in response to a reaction he had in his nose and lungs as the result of being maced. He was given steroids and pain medication through this mask.

12. While at the hospital, and in police custody, the staff did nothing for the plaintiff's right foot and ankle which was very swollen, obviously injured and despite the plaintiff's complaints of pain.

13. After two hours the plaintiff was taken to the 78th precinct where he remained in police custody and against his will for the next three to four days.

14. During this time the plaintiff complained of serious pain in his right ankle and foot, he was limping and crawling and repeatedly asked to be taken to a hospital.

15. During this time the plaintiff was ignored and told to be quiet by having obscenities shouted at him.

16. The defendants denied the plaintiff of medical care.

17. During this entire encounter, the plaintiff was never told why he was arrested or why he was being detained.

18. The plaintiff was eventually taken to Criminal Court where he was placed in a cell, eventually assigned an attorney and charged with disorderly conduct, a crime that he did not commit.

19. The plaintiff was first informed that he was being charged with disorderly conduct when he appeared before a judge in Criminal Court.

20. The plaintiff was then pressured to plead guilty to disorderly conduct and was released.

21. The next day, February 26, 2024, the plaintiff went to Woodhull Hospital where he was examined, tested, discharged and referred to Brooklyn Premier where he came under the care of doctors for his neck, back and ankle injuries suffered as the result of this incident.

## THE PARTIES

22. The plaintiff is a citizen of the United States and the State of New York and resides at 502 West 213th Street, New York, New York.

23. The defendant, The City of New York was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

24. Defendant, The City of New York maintained a Police Department which maintains its principal place of business at One Police Plaza, New York, New York.

25. On February 25, 2024, the defendants, The City of New York employed POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD.

26. On February 25, 2024, The City of New York employed several police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD,

## COMPLIANCE WITH THE GENERAL MUNICIPAL LAW

27. On April 23, 2024, a notice of claim was filed on behalf of the plaintiff, with respect to his causes of action which occurred on February 25, 2024 setting forth the time when the place where and the manner in which this incident occurred.

28. This notice of claim was presented within ninety (90) days after the causes of action accrued and more than thirty (30) days have elapsed since such presentation and the defendants have wholly failed to adjust same or make payment thereon.

29. On November 1, 2024 the plaintiff testified at a statutory hearing in compliance with section 5011 of the General Municipal Law. More than thirty (30) days have elapsed since the presentation of these claims and the defendants have not requested a physical examination of the plaintiff pursuant to General Municipal Law Section 50H, the same having been waived by the defendants.

30. This action is being commenced within the time limitations set forth in all applicable Federal and State law Statutes.

## JURISDICTION

31. The jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States

Code, Sec. 1343 (a) (3), this being a suit in equity which is authorized by law, Title 42, United States Code, Sec. 1983, to be brought to redress the deprivation under color of state law, statute, ordinance, regulations, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens. The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Title 42, United States Code, Sec. 1981 as hereinafter more fully appears and of the State of New York.

## VENUE

32. This action is properly being commenced in the Eastern District of New York since all of plaintiff's causes of action occurred in Brooklyn, New York.

## FACTUAL PREDICATE

33. Giatti Flemming is an African American black male.

34. The incident occurred on February 25, 2024 at approximately 9:00 p.m. at or near the bus stop located on Nostrand Avenue between Fulton Street and Herkimer Street.

35. Prior to this incident, the plaintiff was coming from a Walgreens near this bus stop and was on his way home at 502 West 213th Street.

36. As the plaintiff was walking on the sidewalk of Nostrand Avenue, he was approached by two men in regular clothes.

37. These two men were not in uniform, did not have their badges displayed and failed to identify themselves to the plaintiff as police officers.

38. These two men forcefully grabbed the plaintiff from behind, turned him around and then asked him for his name.

39. Not knowing who these men were, the plaintiff responded by saying, who are you?

40. When asked again for his name, the plaintiff responded by saying, I am not giving you my name, I don't know who you are and I didn't do anything wrong.

41. The two men then threatened to arrest the plaintiff if he didn't give them his name.

42. When the plaintiff was giving the two men his name, they responded it's to late, grabbed the plaintiff and began pushing him into and against various structures of the bus stop.

43. The plaintiff was then grabbed by other police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD

44. As this was going on, a police officer reached under the gap of the partition to the bus stop, grabbed plaintiff's ankles and pulled them causing the plaintiff to fall face down on to the sidewalk.

45. Then a number of police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD piled on top of the plaintiff.

46. While on top of the plaintiff, the police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD held the plaintiff's head down against the sidewalk; they put their knees on the plaintiff's neck, back and legs; struck the plaintiff with their hands and feet; spayed the plaintiff with mace twice; tazed him twice and subjected him to excessive force.

47. While this was going on the plaintiff told the police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD that he could not breath and that he was experiencing tremendous pain in his legs.

48. In response, the police officers including but not limited the POLICE OFFICER ASHUR MORRIS,

POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD laughed at the plaintiff and repeatedly shouted obscenities at him.

49. The plaintiff was then dragged on the sidewalk, lifted from the sidewalk abruptly handcuffed and shackled.

50. The plaintiff was then placed in an ambulance where his face was sprayed with some unknown substance and laughed at.

51. The plaintiff, handcuffed and in shackles, was then taken to Woodhull Hospital where he was given steroids and other medications for the adverse reaction he experienced from being maced not once but twice.

52. The plaintiff was then forcibly taken against his will to the 79th precinct by agents, servants and/or employees of defendant The City of New York and/or the New York City Police Department where he was thrown in a cell.

53. The plaintiff remained in this cell for the next four to five days.

54. During this time, the plaintiff was repeatedly denied medical attention despite the obviousness of his injuries and his complaints of pain.

55. During these encounters, the plaintiff was never told why he was arrested or why he was being detained.

56. After five days, the plaintiff was taken to criminal court and appeared before a judge.

57. At that time, and for the first time, the plaintiff was informed that he was being charged with disorderly conduct.

58. At that time, the plaintiff was pressured to plead guilty, which he did and was released.

59. During the entire encounter with the police officers and while in police custody, the plaintiff was assaulted, battered, subject to excessive force, handcuffed, maced, tazed, pepper sprayed, humiliated, subject to verbal and physical abuse and deprived of his freedom and liberty by including but not

limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD.

### Acting Under Color of State Law

60. Including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were at all times mentioned acting under color of state law, pursuant to 42 U.S.C. 1983.

61. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were also acting within the scope of and in furtherance of their employment with The City of New York and/or the New York City Police Department.

62. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or office of the City of New York.

### FIRST CAUSE OF ACTION

63. Plaintiff repeats each and every allegation contained in paragraphs "1through 62" as if reiterated here.

64. On February 25, 2024, the plaintiff was falsely arrested by employees of the defendant.

65. The plaintiff was falsely arrested by these employees/officers without probable cause and without a warrant.

66. That including but not limited POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN

CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD that arrested the plaintiff intended to confine him, that the plaintiff was conscious of the confinement, plaintiff did not consent to the confinement and plaintiff's confinement was not otherwise privileged.

67. That by reason of this false arrest, the plaintiff was subjected to great indignities, humiliation, and ridicule and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and was caused to suffer much pain in both his mind and body.

68. The aforementioned including but limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD intentionally and without the right to do so, arrested the plaintiff who was aware of the arrest and did not consent to it.

69. Plaintiff's arrest was unlawful and was made without justification.

70. In the course of being unlawfully, wrongfully and falsely arrested plaintiff was assaulted, battered and abused by agents, servants and/or employees of the defendant The City of New York and/or the New York City Police Department.

71. By reason of the aforementioned, the plaintiff suffered physical damages, great, mental anguish and was deprived of his constitutional rights.

## SECOND CAUSE OF ACTION

72. Plaintiff repeats each and every allegation contained in paragraphs "1 through 71" as if reiterated here.

73. On February 25, 2024, the plaintiff was falsely imprisoned by including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES

RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employed by the City of New York and/or The New York City Police Department.

74. On February 25, 2024, including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD intended to confine the plaintiff.

75. The plaintiff was conscious of the confinement.

76. The plaintiff did not consent to the confinement.

77. The confinement was not privileged.

78. The plaintiff was falsely imprisoned by these employees/ officers without probable cause and without a warrant.

79. That by reason of this false imprisonment, the plaintiff was subject to great indignities, humiliation, and ridicule and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and was caused to suffer much pain in both his mind and body.

80. In the course of being unlawfully, wrongfully and falsely imprisoned the plaintiff was assaulted, battered and abused by agents, servants, and/or including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employees of the defendant, The City of New York and/or New York City Police Department.

81. By reason of the aforementioned, the plaintiff suffered physical damages, great mental anguish and was deprived of his constitutional rights.

**THIRD CAUSE OF ACTION**

82. Plaintiff repeats each and every allegation contained in paragraphs "1 through 81" as if reiterated here.

83. On February 25, 2024 the plaintiff while being falsely arrested was assaulted by including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by The City of New York and/or the New York City Police Department.

84. During his arrest, including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by The City of New York and/or the New York City Police Department threatened the plaintiff with imminent harm.

85. During his arrest, including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by The City of New York and/or The New York Police Department put the plaintiff in fear of imminent harm.

86. During the course of his arrest including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employed by The City of New York and/or The New York City Police Department caused the plaintiff to become concerned that they were about to cause him harm.

87. During the course of his arrest including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and

SERGEANT CHRISTOPHER MCDONALD, employed by The City of New York and/or The New York City Police Department caused the plaintiff to be concerned that they were about to subject him to an offensive contact.

88.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD had the real and/or apparent ability to bring about that harm and/or offensive contact.

89.    The plaintiff reasonably believed that harm and/or contact was about to occur.

90.    By reason of the aforementioned, the plaintiff suffered an apprehension of harm, actual physical harm, great mental anguish and as deprived of his constitutional rights.

### FOURTH CAUSE OF ACTION

91.    Plaintiff repeats each and every allegation contained in paragraphs "1 through 89" As if reiterated here.

92.    On February 25, 2024 the plaintiff while being falsely arrested was battered by included by not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employed by The City of New York and/or The New York City Police Department.

93.    During his arrest including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by The City of New York and/or the New York City Police Department intentionally and aggressively contacted the plaintiff without his consent and without justification.

94.    This contact was pervasive and offensive.

95.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE

OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD'S use of force was not justified and was done willfully and maliciously.

96. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD committed the foregoing acts intentionally, willfully and with malicious disregard of plaintiff's rights.

97. The plaintiff was the victim of police brutality.

98. During his arrest, multiple police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employed by The City of New York and/or The New York Police Department subjected the plaintiff to an excessive use of force.

99. The excessive use of force deprived the plaintiff of his Constitutional Rights to bodily security and liberty under the Fourth Amendment to the United States Constitution and constituted cruel and unusual treatment under the Eighth Amendment to the United States Constitution.

100. By reason of the aforementioned, the plaintiff suffered an apprehension of harm, actual physical harm, great mental anguish and was deprived of his constitutional rights,

### FIFTH CAUSE OF ACTION

101. Plaintiff repeats each and every allegation contained in paragraphs "1 through 99" as if reiterated here.

102. On February 25, 2024 the plaintiff while being falsely arrested was subjected to the excessive use of force by multiple police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER

MCDONALD, employed by The City of New York and/or The New York City Police Department.

103. During his arrest, multiple police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD, employed by The City of New York and/or The New York City Police Department subjected the plaintiff to the excessive use of force. Justification.

104. This contact was pervasive and offensive.

105. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD'S use of force was not justified and was done willfully and maliciously.

106. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD committed the foregoing acts intentionally, willfully and with malicious disregard of plaintiff's rights.

107. The Plaintiff was the victim of police brutality.

108. During his arrest, multiple police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were employed by The City of New York and/or The New York Police Department subjected the plaintiff to an excessive use of force.

109. This excessive use of force deprived the plaintiff of his Constitutional Rights to bodily security and liberty under the Fourth Amendment to the United States Constitution and amounted to a physical seizure of the plaintiff under the Fourth Amendment to the United States Constitution and constituted cruel and unusual treatment under the Eighth Amendment to the United States Constitution.

110.    By reason of the aforementioned, the plaintiff suffered an apprehension of harm, actual physical harm, great mental anguish and was deprived of his constitutional rights.

## SIX CAUSE OF ACTION

111.    Plaintiff repeats each and every allegation contained in paragraphs '1 through 109" as if reiterated here.

112.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD are employed by The City of New York and/or The New York City Police Department.

113.    The aforementioned acts of each of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD are employed by The City of New York and/or The New York City Police Department were performed within the course and scope of their employment.

114.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD are employed by defendant, The City of New York and/or the New York City Police Department were performed under color of law, under the color of statutes, ordinances, regulations, custom and usage of The City of New York.

115.    The aforementioned acts of each of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD deprived plaintiff of the privileges and immunities guaranteed to him as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United States and of the State of New York.

116.     The aforementioned acts of the defendants including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD constituted cruel and unusual punishment of plaintiff and as such violated amendment VIII of the Constitution of the United States and of the State of New York.

117.     As a direct and proximate result of the defendants' actions, the plaintiff was deprived of all rights, privileges and immunities secured to him under the Constitution and laws of the State of New York and the United States, including, but not limited to his rights under the fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

118.     By reason of the foregoing, the defendants are liable to plaintiff pursuant to Title 42 of the United States Code, including but not limited to Sections 1981, 1983 and 1985 thereof.

119.     As a result of the aforementioned, the plaintiff suffered physical damages, emotional harm, great mental anguish and was deprived of his constitutionals rights.

## SEVENTH CAUSE OF ACTION

42 U.S.C. § 1983

120.     Plaintiff repeats each and every allegation contained in paragraphs "1 through 118"

121.     All of the acts and omissions by The City of New York, The New York City Police Department and POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were employed by The City of New York and/or The New York City Police Department were carried out pursuant to overlapping policies and practices of the City of New York and New York City Police Department which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of The City of New York and/or The New York City Police Department.

122.     Defendant, The City of New York and/or the New York City Police Department, by their policy-making agents, servants and employees authorized, sanctioned and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

123.     The actions of the individual police defendants resulted from and were taken pursuant to the following de facto policies and/or well settled and widespread customs and practices of The City of New York and/or The New York City Police Department.

(a) Members of the NYPD are encouraged and/or allowed by their supervisors to physically brutalize suspects and arrestees without consequence – without fear of reprimand, discipline or even re-training by the Department.

(b) New York City Police Officers, Members of this Precinct, engage in systemic and ubiquitous perjury, both oral and written, to cover-up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates.  They did so and do so with the knowledge and approval of their supervisors, commanders and Police commissioners who all:

(i)      tacitly accept and encourage a code of silence wherein police officers refused to report other officers' misconduct or tell false and incomplete stories designed to cover for an/or falsely exonerate accused police officer; and

(ii)     encourage and/or fail to discipline officers for "testifying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover up civil rights violations perpetuated by themselves or fellow officers, supervisors and/or subordinates against those civilians; and

(c) The City of New York and/or The New York City Police Department with the knowledge.  Approval and encouragement of Police Commissioners, failed to properly train, supervise and/or discipline officers concerning the constitutional rights of individuals in their care and custody.

(d) The NYPD engages in a policy and process of treating injured detainees with deliberate indifference.

124.     The defendant The City of New York and/or The New York City Police Department established a custom, policy and/or practice of encouraging.  Approving and/or tolerating the New York City Police Department's use of excessive force and acts of misconduct against civilians, especially those civilians who are of African American descent, and subsequent attempts to

conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

125.     The defendant The City of New York and/or The New York City Police Department was deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, especially those civilians of African American descent, and established a custom, policy and or practice of encouraging, approving and/or tolerating the use of said improper procedures by The New York City Police Department and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

126.     POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD'S actions were undertaken under the color of law and would not have existed but for the defendant, The City of New York and The New York City Police Officers use of their official power.

127.     The supervisors and policy making officers of the defendant, The City of New York and The New York City Police Department, as a matter of policy, were deliberately indifferent to said practices and have filed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

128.     The defendant, The City of New York and/or The New York City Police Department have failed to properly or effectively train their agents, servants, employees and its police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue today.

129.     The defendant, The City of New York and/or The New York City Police Department have

failed to properly or effectively train their agents, servants, employees and its police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD with regard to the proper use of force and the constitutional and statutory limits on the use of force, and such failures continue today.

130.    Defendant, The City of New York and/or The New York City Police Department have sanctioned the policy and practices heretofore described through its' deliberate indifference to the effect of such policy and practices upon the constitutional rights of the plaintiff and others similarly situated.

131.    The defendant, The City of New York, The New York City Police Department and POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

132.    The defendant, The City of New York and the New York City Police Department had and continue to have a policy of encouraging abuse, assaults, batteries and the use of excessive force or of ratifying same by systemic deficiencies in discipling police officers or in the investigation of complaints against such police officers.

133.    The foregoing acts, inaction, omissions and system failures are custom, practices and policies of the defendant, The City of New York and/or The New York city Police Department which have caused it's police officers to believe that determinations to use force and the amount of allowable legal force was within their discretion and that complaints of the use of excessive force would not be honestly, candidly or properly investigated, with the foreseeable result that police officers would be likely to use improper force.

134.    The existence of the foregoing unlawful de facto policies and/or well-settled and

widespread customs, policies and practices are known to, encouraged and or condoned by supervisory and policy Making officers and officials of The City of New York and/or The New York City Police Department including the Police Commissioner.

135.    Despite knowledge of such unlawful de facto policies, practices, procedures and/or customs these supervisory and policy making officers and officials of The City of New York and/or The New York City Police Department including its' Commissioner, have not taken steps to terminate these policies, practices, procedures and/or customs, do not discipline individuals who engage in such policies, practices, procedures and customs or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and insert sanctions and ratify these policies, practices, procedures and/or customs through their active participation, encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices, procedures and customs upon the constitutional rights of persons in their care and custody.

136.    As a result of the aforesaid violation of plaintiff's rights, he sustained severe and permanent physical and emotional injuries and damages.

137.    As a direct and proximate result of the aforesaid acts, inaction, omissions and systemic failures of POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD used excessive force against the plaintiff.

138.    By reason of the aforementioned the plaintiff suffered physical injuries, great mental anguish and was deprived of his constitutional rights.

## EIGHTH CAUSE OF ACTION

For violation of 42 U.S.C. Section 1985(3)

139.    Plaintiff repeats each and every allegation contained in paragraph "1 thru 138" as if fully set forth herein.

140.    The defendant, The City of New York and/or The New York City Police Department are liable to the plaintiff under 42 U.S.C. Section 1985 (3) for conspiring to violate plaintiff's rights guaranteed by the aforementioned amendments to the United States constitution.

141.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD conspired, planned and agreed to treat plaintiff in the manner previously described for the purpose of depriving him, either directly or indirectly, of equal protection of the law and/or of equal privileges and immunities under the United States Constitution and the constitution of the State of New York.

142.    The actions and conduct of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were done in furtherance of their conspiracy.

143.    As a result, the plaintiff suffered physical injury, emotional harm, was subject to police brutality, was subject to cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution and was deprived of his constitutional rights as previously described.

144.    The defendants' conspiracy was motivated by the plaintiff's race.

145.    The existence of the foregoing unlawful de facto policies and/or well settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of The City of New York and/or The New York City Police Department including its Police Commissioner.

**NINTH CAUSE OF ACTION**

Failure to Intervene

146.    Plaintiff repeats each and every allegation contained in paragraphs numbered "1

through 145" as if reiterated here.

147.    Members of The New York City Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or an arrestee.

148.    There were police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD present as the plaintiff was assaulted, battered, maced, pepper sprayed, tazed, subjected to physical and emotional abuse, subjected to excessive force and subjected to police brutality.

149.    The use of force against the plaintiff was obviously unreasonable, excessive and unjustified under the circumstances yet the other officers present failed to take any action or make any effort to intervene, halt or protect the plaintiff from being physically brutalized.

150.    Several of the police officers including but not limited POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD failed to intervene in light of the unconstitutional use of force against the plaintiff resulting in physical and emotional damages as well as the deprivation of plaintiff's constitutional rights.

151.    The aforementioned acts of each police officer including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD that is employed by The City of New York and/or The New York City Police Department were performed

within the course and scope of their employment.

152.     The aforementioned acts of each police officer including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD employed by defendant, The City of New York and/or The New York City Police Department were performed under color of law, under the color of statutes, ordinances, regulations, custom and usage of the City and State of New York.

153.     The aforementioned acts of each POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD deprived plaintiff of the privileges and immunities guaranteed to him as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United State and of the State of New York.

154.     The aforementioned acts of the defendants constituted cruel and unusual punishment of plaintiff and as such violated amendment VIII of the Constitution of the United States and of the State of New York.

155.     As a direct and proximate result of the defendants' actions, the plaintiff was deprived of all rights, privileges and immunities secured to him under the Constitution and laws of the State of New York and the United States, including, but not limited to his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983.

156.     By reason of the foregoing, the defendants are liable to plaintiff pursuant to Title 42 of the United States Code, including but not limited to Sections 1981, 1983 and 1985 thereof.

157.     As a result of the aforementioned, the plaintiff suffered physical damages, emotional harm, great mental anguish and was deprived of his constitutional rights.

## TENTH CAUSE OF ACTION

### Violation of New York State's Constitution

158.     Plaintiff repeats each and every allegation contained in paragraphs '1 through 157" as if reiterated here.

159.     The actions taken by POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD violated plaintiff's constitutional rights guaranteed by the Constitution of the State of New York.

160.     The aforementioned conduct of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD violated the protections guaranteed to the plaintiff by The New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including, but not limited to, the right to be free from unreasonable seizures of their person, from being assaulted, battered and subject to the excessive use of force.

161.     Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages suffered by the plaintiff.

### ELEVENTH CAUSE OF ACTION

162.     Plaintiff repeats each and every allegation contained in paragraphs '1 through 161" as if reiterated here.

163.     As a result of this incident the plaintiff suffered very serious and permanent injuries to his entire body but more particularly in his right ankle.

164.     The injuries suffered by the plaintiff were visible and apparent.

165.     Plaintiff's numerous requests for medical attention while he was at the scene of

this incident, while he was at the precinct, while he was at the court house were met by "shut the fuck up" and complete and deliberate indifference.

166.     While the plaintiff was in police custody, the police officers including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were deliberately indifferent to plaintiff's need for medical attention.

167.     While the plaintiff was in the custody of the department of corrections, the corrections officers were deliberately indifferent to plaintiff's need for medical attention.

168.     The failure to provide or get medical attention for the plaintiff while in their custody amounts to a violation of the Plaintiff's constitutional rights.

## TWELTH CAUSE OF ACTION

Negligence, Carelessness and Recklessness

169.     The plaintiff repeats each and every allegation contained within paragraphs "1 through 167" as if reiterated here.

170.     The POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were careless, negligent and reckless in the manner in which information was relayed, in the identification of the plaintiff as a suspect, in the manner in which they approached the plaintiff, in failing to identify themselves as police officers, in the manner in which they handled plaintiff's arrest, in the manner in which they used forced against the plaintiff, in the manner in which they handled the plaintiff post-arrest, in the care and treatment given to the plaintiff during his arrest and in failing to provide him with medical care.

171.     The POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN

CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE

OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT

CHRISTOPHER MCDONALD carelessly, negligently and recklessly failed to use due care in the

performance of their duties, in that they failed to perform their duties as a reasonably prudent Police

Officer, and the police officers failed to follow the Police Code as well as police guidelines applicable

to this situation.

172. The POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN

CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE

OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT

CHRISTOPHER MCDONALD carelessness, negligence and negligence caused the plaintiff very

serious and permanent injuries, emotional damages and resulted in a deprivation of rights guaranteed

by the United States Constitution as well as the constitution of the State of New York.

### THIRTEENTH CAUSE OF ACTION

173. Plaintiff repeats each and every allegation contained within paragraphs "1 through

171" as if repeated here.

174. The aforesaid occurrences took place by reason of the defendant, The City of New

York and or The New York City Police Department's negligent hiring and retention of the POLICE

OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES

RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE

OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD.

175. The aforesaid occurrences took place by reason of the defendant, The City of New

York and/or The New York City Police Department's negligence in the manner in which these

POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER

CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA,

POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were trained.

176.     The aforesaid occurrences took place by reason of the defendant, The City of New York and/or The New York City Police Department's negligence in failing to retrain the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD despite the obvious need for it.

177.     The aforesaid occurrences took place by reason of the defendant, The City of New York and/or The New York City Police Department's negligence in failing to discipline and/or reprimand the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD for previous acts of violence, excessive force and police brutality.

178.     The aforesaid occurrences took place by reason of the defendant, The City of New York and/or The New York City Police Department's negligence in supervising and disciplining the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD in that these police officers were or should have been known to be employees who abused and misused their positions, who were abusive and/or acted with deliberate indifference to the rights guaranteed to people in their custody.

179.     By reason of the foregoing the plaintiff suffered very serious and permanent injuries.

## FOURTEENTH CAUSE OF ACTION

Intention Infliction of Emotional Distress

180.     Plaintiff repeats each and every allegation contained within paragraphs "1 through

178".

181. The actions of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were outrageous and beyond any norms acceptable in society.

182. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD acted with the desire and intent to cause the plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

183. POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD acted with utter disregard of the consequences of their actions.

184. As a result of the aforesaid, the plaintiff sustained injuries and damages previously described, including the intentional infliction of emotional distress.

## FIFTEENTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress

185. Plaintiff repeats each and every allegation contained within paragraphs "1 through 183" as if reiterated here.

186. The actions of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD were reasonable, outrageous and beyond any norms acceptable in

society.

187.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD acted unreasonably, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

188.    POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SARGEANT CHRISTOPHER MCDONALD acted negligently and with utter disregard of the consequences of their actions.

189.    As a result of the aforesaid, the plaintiff sustained injuries and damages previously described, including the negligent infliction of emotional distress.

## SIXTEENTH CAUSE OF ACTION

Respondent Superior

190.    Plaintiff repeats each and every allegation contained within paragraphs "1 through 188" as if reiterated here.

191.    The defendant, The City of New York is vicariously responsible for the actions, inactions and omissions of the New York City Police Department and including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT CHRISTOPHER MCDONALD under the doctrine of Respondent Superior.

192.    The defendant, The City of New York is vicariously responsible for the actions, inactions and omissions of the POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE

OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT

CHRISTOPHER MCDONALD under the doctrine of Respondent Superior.

## PUNITIVE DAMAGES

193.    Plaintiff will be seeking punitive damages against each of the police officer

including but not limited to POLICE OFFICER ASHUR MORRIS, POLICE OFFICER BRIAN

CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER GENESIS PENA, POLICE

OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and SERGEANT

CHRISTOPHER MCDONALD.

## ATTORNEYS FEES

194.    Plaintiff will be seeking attorneys' fees 42 USC 1988.

## JURY DEMAND

195.    Plaintiff demands a jury trial of this action.

WHEREFORE, plaintiff demands the following relief:

(a) A declaration that the defendants violated plaintiff's constitutional rights:

(b) A declaration that the defendants violated plaintiff's Federal Civil rights:

(c) Compensatory damages for the physical and emotional injuries suffered by the plaintiff

by the defendants' unlawful and unjustified conduct, in an amount just and reasonable and in

conformity with the evidence admitted at the trial of this action.

(d) Punitive damages against the POLICE OFFICER ASHUR MORRIS, POLICE

OFFICER BRIAN CARTON, POLICE OFFICER CHARLES RIVERA, POLICE OFFICER

GENESIS PENA, POLICE OFFICER JEAN POLONIA, POLICE OFFICER DAVID CUZCO and

SARGEANT CHRISTOPHER MCDONALD.

(e) Attorneys' fees pursuant.

(f) the costs and disbursements of this action, and

(g) For such other, further and different relief as is just and proper under the circumstances.

Dated: New York, New York
June 5, 2025

Yours, etc.

William Hamel, Esq.
THE HAMEL LAW FIRM, P.C.
Attorneys for Plaintiff
Giatti Gene Flemming
11 East 44th Street, 19th Floor
New York, New York 10017
(212) 858-0600

STATE OF NEW YORK

COUNTY OF NEW YORK

I, WILLIAM HAMEL, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing AMENDED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
     June 5, 2025

                                        _____
                                   WILLIAM HAMEL, ESQ.

Case No.: 1:25-cv-00472

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================================

GIATTI GENE FLEMMING,

Plaintiff,

-against-

THE CITY OF NEW YORK and yet to be identified JOHN
And JANE DOE defendants,

Defendants.

======================================================

**AMENDED COMPLAINT**

======================================================

**THE HAMEL LAW FIRM, P.C.**

**Attorneys for Plaintiff**

**11 East 44th Street, 19th Floor**

**New York, New York 10017**

**(212) 858-0600**